IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| GAGE MICHAEL SMITH, | ) |
| Plaintiff, | ) No. _____ |
| | ) |
| | ) PETITION |
| CLARKE COUNTY, IOWA, | ) |
| WAYNE KEELER, individually, | ) JURY DEMAND |
| and in his official capacity, | ) |
| Defendants. | ) |

COMES NOW the Plaintiff, and for his cause of action states as follows:

1. Plaintiff is a resident of Clarke County, Iowa, residing at a house he owns located at 600 W. Jefferson St., Osceola, Iowa.

2. Defendant Clarke County, Iowa, is a municipality pursuant to Iowa Code 670.1(2).

3. As such, Clarke County is liable for civil damages for torts committed by its agents acting in the line of duty, per Iowa Code 670.2.

4. Clarke County is liable, via respondeat superior, for the actions of its employees, including Defendant Keeler, which are carried out in the line of duty.

5. Defendant Keeler is a Clarke County Sheriff Deputy, and an agent of the County.

6. Keeler's actions alleged in this petition were performed in the line of duty, in the course of his employment, under color of law.

7. An acquaintance of the Plaintiff, one Manuel Urbina, rented a room in Plaintiff's home for a time in 2021, but around Christmastime, Urbina moved out and went to live in Grand Island, Nebraska.



8. On Sunday, January 8, 2022, after dark, Deputy Keeler of the Clarke County Sheriff Department, flashlight in hand, knocked on Plaintiff's door.

9. At the time, Plaintiff was home alone with his infant daughter, caring for the baby. He came to the door carrying the child, whom he was just about to feed.

10. The Deputy identified himself and asked for Urbina, stating that he was there to serve civil papers in a legal matter on Urbina.

11. Keeler was an agent of government in his duties, and limited in his power to lawfully impinge on the rights of persons by state and federal statutory and constitutional law.

12. Plaintiff informed the Deputy that Urbina did not live there, but had moved some weeks earlier to Nebraska.

13. Keeler began to interrogate Plaintiff, starting with asking his name, which Plaintiff gave.

14. Keeler then demanded to see Plaintiff's ID.

15. Plaintiff stated that he would get it, but he was stepping inside to set down his infant daughter.

16. As Plaintiff moved to do so, Deputy Keeler suddenly took hold of Plaintiff, including his free hand, entering Plaintiff's residence in making this quick move.

17. Keeler stated that he had a warrant for Plaintiff's arrest and asked if Plaintiff had any weapons.

18. Plaintiff stated that he owned a firearm, and directed the Deputy as to its location.

2

19. Keeler frisked Plaintiff for weapons, retrieved Plaintiff's handgun, and then had the Plaintiff produce ID. He continued to tell the Plaintiff that he had a warrant for Plaintiff's arrest.

20. Plaintiff expressed worry about going into custody, as he was home alone caring for his infant daughter. Deputy Keeler allowed Plaintiff to call someone to come over and take on care of the child.

21. Keeler allowed Plaintiff to call his girlfriend (the mother of the little girl), and his father.

22. The conversation with Plaintiff's father was on speaker phone, in the earshot of Deputy Keeler, and Plaintiff's father expressed some anger at a situation he asserted was mistaken or unjust.

23. Keeler then began to interrogate Plaintiff about the identity of Plaintiff's father, and whether the father owned firearms.

24. After several minutes, Keeler checked with his dispatcher about an arrest warrant on the Plaintiff, and learned that there was no warrant outstanding for the Plaintiff.

25. Keeler then withdrew from the scene, as Plaintiff's girlfriend was arriving, and did not remove Plaintiff from the scene.

26. Until Keeler withdrew from the scene and left, Plaintiff was seized by Keeler, pursuant to Article I, Section 8 of the Iowa Constitution, and the 4th and 14th amendments to the U.S. Constitution.

27. Keeler lacked probable cause to seize Plaintiff during the time of the seizure.

3

28. The lack of probable cause for the seizure makes the seizure a violation of Plaintiff's rights under the U.S. Constitution, and therefore Plaintiff is owed damages pursuant to 42 U.S.C. Sec. 1983.

29. The lack of probable cause for the seizure make the seizure a violation of Plaintiff's rights under the Iowa Constitution, and the Plaintiff is owed damages for the violation.

30. If Defendants claim that the seizure was temporary, pursuant to <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), Keeler lacked reasonable suspicion to believe that Plaintiff was both (a) involved in a present criminal act; and (b) a potential danger to Keeler, such that any temporary seizure is an actionable violation under both state and federal law as described in the prior four paragraphs.

31. Interrogation of the Plaintiff during the seizure separately violated Plaintiff's rights under the <u>Miranda</u> rule, and is actionable under state law and Sec. 1983.

32. Keeler's actions also constitute a common law trespass, and that is asserted as a basis for an award of damages.

33. Plaintiff has suffered mental distress, PTSD, and anxiety since the violations of his constitutional rights.

34. Plaintiff is owed money damages to compensate him for the violations described above.

35. Pursuant to 42 U.S.C. 1988, the Court should award attorney fees to the Plaintiff in addition to any award of damages.

36. Plaintiff Keeler's actions can be found to be intentional in nature, giving rise to a claim for punitive damages, which would be his personal liability, and Plaintiff prays for a finding of fact regarding this issue.

WHEREFORE the Plaintiff prays for judgment against the Defendants, to fully and fairly compensate him for injuries to his mental state and property rights, plus interest, costs, and attorney fees, as provided by law, and for such other and further relief as is equitable in the premises.

## JURY DEMAND

COMES NOW the Plaintiff and hereby demands jury trial on all issues so triable under Iowa Law.

## MOTION TO CHANGE VENUE

Pursuant to I.R.C.P. 1.801(1), Plaintiff asks the Court to change the venue of this case to a different county in the Fifth Judicial District (5A, 5B, or 5C).

ELLIS LAW OFFICES, P.C.

  /s/ Ryan J. Ellis
Ryan J. Ellis, AT0002289
ELLIS LAW OFFICES, P.C.
209 N. Buxton
Indianola, Iowa 50125
(515) 962-9080
(515) 961-2779 fax
Ryan@ellislawpc.com


  /s/ Peter M. Sand
Peter M. Sand   AT0006989
2629 Beaver Ave. #3
Des Moines, IA   50310
(515) 698-9000
cell-(515) 556-3245
pete.sand6@gmail.com
ATTORNEYS FOR PLAINTIFF

5

## VERIFICATION

The factual allegations above are true and correct.

_____
Gage M. Smith

IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| GAGE MICHAEL SMITH, | ) |
| | ) |
| Plaintiff, | )  No. (case # on following page) |
| | ) |
| | )  ORIGINAL NOTICE |
| CLARKE COUNTY, IOWA, | ) |
| WAYNE KEELER, individually, | ) |
| and in his official capacity, | ) |
| Defendants. | ) |

TO THE ABOVE-NAMED DEFENDANTS:

You are notified that a petition has been filed in the office of the clerk of this court naming you as respondent in the above-entitled action. A copy of the petition is attached hereto. The Petitioners' attorneys are: Ryan J. Ellis, whose address is 209 N. Buxton, Indianola, Iowa 50125; and Peter M. Sand, whose address is 2629 Beaver Ave. #3, Des Moines, Iowa 50310.

You are further notified that unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Clarke County, at the courthouse in Osceola, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (phone number). If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

(SEAL)

1

| | | |
|---|---|---|
| **Iowa Judicial Branch** | Case No. | **CVCV013052** |
| | County | **Clarke** |

Case Title    GAGE SMITH V CLARKE COUNTY SHERIFF

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued  **01/04/2023 08:14:11 AM**



District Clerk of Court or/by Clerk's Designee of  Clarke      County
/s/ Lindsey Rissi

IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| GAGE MICHAEL SMITH, | ) |
| | ) |
| Plaintiff, | ) No.  CVCV 013052 |
| | ) |
| | ) AMENDED PETITION |
| CLARKE COUNTY, IOWA, | ) |
| WAYNE KEELER, individually, | ) JURY DEMAND |
| and in his official capacity, | ) |
| Defendants. | ) |
| | ) |

COMES NOW the Plaintiff, and for his cause of action states as follows:

1. Plaintiff is a resident of Clarke County, Iowa, residing at a house he owns located at 600 W. Jefferson St., Osceola, Iowa.

2. Defendant Clarke County, Iowa, is a municipality pursuant to Iowa Code 670.1(2).

3. As such, Clarke County is liable for civil damages for torts committed by its agents acting in the line of duty, per Iowa Code 670.2.

4. Clarke County is liable, via respondeat superior, for the actions of its employees, including Defendant Keeler, which are carried out in the line of duty.

5. Defendant Keeler is a Clarke County Sheriff Deputy, and an agent of the County.

6. Keeler's actions alleged in this petition were performed in the line of duty, in the course of his employment, under color of law.

7. An acquaintance of the Plaintiff, one Manuel Urbina, rented a room in Plaintiff's home for a time in 2021, but around Christmastime, Urbina moved out and went to live in Grand Island, Nebraska.

1

8. On Sunday, January 8, 2022, after dark, Deputy Keeler of the Clarke County Sheriff Department, flashlight in hand, knocked on Plaintiff's door.

9. At the time, Plaintiff was home alone with his infant daughter, caring for the baby. He came to the door carrying the child, whom he was just about to feed.

10. The Deputy identified himself and asked for Urbina, stating that he was there to serve civil papers in a legal matter on Urbina.

11. Keeler was an agent of government in his duties, and limited in his power to lawfully impinge on the rights of persons by state and federal statutory and constitutional law.

12. Plaintiff informed the Deputy that Urbina did not live there, but had moved some weeks earlier to Nebraska.

13. Keeler began to interrogate Plaintiff, starting with asking his name, which Plaintiff gave.

14. Keeler then demanded to see Plaintiff's ID.

15. Plaintiff stated that he would get it, but he was stepping inside to set down his infant daughter.

16. As Plaintiff moved to do so, Deputy Keeler suddenly took hold of Plaintiff, including his free hand, entering Plaintiff's residence in making this quick move.

17. Keeler stated that he had a warrant for Plaintiff's arrest and asked if Plaintiff had any weapons.

18. Plaintiff stated that he owned a firearm, and directed the Deputy as to its location.

19. Keeler frisked Plaintiff for weapons, retrieved Plaintiff's handgun, and then had the Plaintiff produce ID.  He continued to tell the Plaintiff that he had a warrant for Plaintiff's arrest.

20. Plaintiff expressed worry about going into custody, as he was home alone caring for his infant daughter.  Deputy Keeler allowed Plaintiff to call someone to come over and take on care of the child.

21. Keeler allowed Plaintiff to call his girlfriend (the mother of the little girl), and his father.

22. The conversation with Plaintiff's father was on speaker phone, in the earshot of Deputy Keeler, and Plaintiff's father expressed some anger at a situation he asserted was mistaken or unjust.

23. Keeler then began to interrogate Plaintiff about the identity of Plaintiff's father, and whether the father owned firearms.

24. After several minutes, Keeler checked with his dispatcher about an arrest warrant on the Plaintiff, and learned that there was no warrant outstanding for the Plaintiff.

25. Keeler then withdrew from the scene, as Plaintiff's girlfriend was arriving, and did not remove Plaintiff from the scene.

26. Until Keeler withdrew from the scene and left, Plaintiff was seized by Keeler, pursuant to Article I, Section 8 of the Iowa Constitution, and the 4th and 14th amendments to the U.S. Constitution.

27. Keeler lacked probable cause to seize Plaintiff during the time of the seizure.

28. The lack of probable cause for the seizure makes the seizure a violation of Plaintiff's rights under the U.S. Constitution, and therefore Plaintiff is owed damages pursuant to 42 U.S.C. Sec. 1983.

29. The lack of probable cause for the seizure make the seizure a violation of Plaintiff's rights under the Iowa Constitution, and the Plaintiff is owed damages for the violation.

30. If Defendants claim that the seizure was temporary, pursuant to Terry v. Ohio, 392 U.S. 1 (1968), Keeler lacked reasonable suspicion to believe that Plaintiff was both (a) involved in a present criminal act; and (b) a potential danger to Keeler, such that any temporary seizure is an actionable violation under both state and federal law as described in the prior four paragraphs.

31. Interrogation of the Plaintiff during the seizure separately violated Plaintiff's rights under the Miranda rule, and is actionable under state law and Sec. 1983.

32. Keeler's actions also constitute a common law trespass, and that is asserted as a basis for an award of damages.

33. Plaintiff has suffered mental distress, PTSD, and anxiety since the violations of his constitutional rights.

34. Plaintiff is owed money damages to compensate him for the violations described above.

35. Pursuant to 42 U.S.C. 1988, the Court should award attorney fees to the Plaintiff in addition to any award of damages.

36. Plaintiff Keeler's actions can be found to be intentional in nature, giving rise to a claim for punitive damages, which would be his personal liability, and Plaintiff prays for a finding of fact regarding this issue.

37. Pursuant to Iowa Code 670.4A, Plaintiff alleges that the right of Plaintiff to be free from unreasonable search and seizure in his home pursuant to the state and federal constitutions was clearly established as of January 8, 2022.

38. Pursuant to Iowa Code 670.4A, Plaintiff alleges that every reasonable peace officer in Iowa would know that this right is clearly established by law.

WHEREFORE the Plaintiff prays for judgment against the Defendants, to fully and fairly compensate him for injuries to his mental state and property rights, plus interest, costs, and attorney fees, as provided by law, and for such other and further relief as is equitable in the premises.

## JURY DEMAND

COMES NOW the Plaintiff and hereby demands jury trial on all issues so triable under Iowa Law.

## MOTION TO CHANGE VENUE

Pursuant to I.R.C.P. 1.801(1), Plaintiff asks the Court to change the venue of this case to a different county in the Fifth Judicial District (5A, 5B, or 5C).

ELLIS LAW OFFICES, P.C.

   */s/ Ryan J. Ellis*
Ryan J. Ellis, AT0002289
ELLIS LAW OFFICES, P.C.
209 N. Buxton
Indianola, Iowa 50125
(515) 962-9080
(515) 961-2779 fax
Ryan@ellislawpc.com

                                                      */s/ Peter M. Sand*
                                            Peter M. Sand   AT0006939
                                            2629 Beaver Ave. #3
                                            Des Moines, IA   50310
                                            (515) 698-9000
                                            cell-(515) 556-3245
                                            pete.sand6@gmail.com
                                            ATTORNEYS FOR PLAINTIFF